IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFERY JOHNSON,

    PLAINTIFF,

v.                                          CASE NO.: 3:21-CV-04346

WAL-MART STORES EAST, LP

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Jeffery Johnson (hereinafter referred to as "Plaintiff" or "Johnson"), by and through his undersigned attorney, sues Wal-Mart Stores East, LP, (hereinafter referred to as "Defendant" or "Walmart"), and alleges as follows:

*JURISDICTION AND VENUE*

1. This is an action to remedy discrimination on the basis of disability, retaliation and interference in and with the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111-12117, 12203, and Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654.

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 12111-12117, 12203 and 29 U.S.C.S. §§ 2601; 2611-2654.

3. Defendant is considered an employer within the terms and conditions of

1

the 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Molino, Florida worksite.

4. Plaintiff worked for Defendant from May 2020, until October 6, 2021. Plaintiff is considered an "eligible employee" for purposes of the FMLA as he has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5. The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6. This action lies in the Northern District of Florida, Pensacola Division, because the unlawful employment practices were committed in this judicial district.

7. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and Fla. Stat. § 760.11. Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 2020128511) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100332) on February 19, 2021. On August 17, 2021, Plaintiff's received a determination notice

from the FCHR notifying him of their conclusion of its investigation pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received on September 27, 2021.

## *PARTIES*

8. Plaintiff is a Caucasian male and a citizen of the State of Florida and resides in Escambia, Florida.

9. Defendant, Walmart is a for profit business that does business in the State of Florida and Escambia County.

## *FACTS*

10. Plaintiff am a 46 year old Caucasian male.

11. Plaintiff was employed at Defendant's Supercenter store #1224, located in Pensacola, Florida from September 9, 2016, until his termination on January 10, 2021.

12. During Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in a satisfactory manner.

13. Plaintiff suffered from a severe learning disability.

14. Because of Plaintiff's learning disability, at the time of his hire he utilize the services of a local rehabilitation center and job coach to assist in the hiring process.

15. After being hired, Plaintiff was assigned and designated as a Food Sales Associate, a/k/a Frozen Foods Stocker.

16. Because of his sever neurodevelopmental disorder and attention deficit disorder (ADD), during the on boarding process, Plaintiff continued to utilize his job coach to learn the specific duties and responsibilities of a frozen food stocker.

17. For the next four (4) years, Plaintiff worked exclusively in the frozen foods department without issue.

18. In the fall of 2020, Defendant hired and/or assigned a new manager to its Supercenter store #1224.

19. After having been hired and/or assigned to store #1224, and becoming one of Plaintiff's direct supervisors, Plaintiff informed him about his disability.

20. Shortly thereafter, Plaintiff's new supervisor began to discriminate against him.

21. After working for four (4) years in the frozen food department without incident, under this new management team, Plaintiff's performance started to become an issue.

22. Defendant's new management moved Plaintiff from frozen foods to overnight fresh stocker to furniture and then kept moving him from department to department and position to position.

23. Plaintiff tried to explain to Defendant that he was disabled and needed time to adjust and learn a new positon and request the assistance of his job coach, but Defendant's management stated that it did not care.

24. Defendant knew that Plaintiff had a disability and that he utilized the assistance of a vocational rehabilitation job coach, yet, Defendant did not provide Plaintiff sufficient training or time to learn these new positions nor allow him to utilize the assistance of his job coach.

25. Plaintiff's management would make comments about him in front of customers and other employees saying that Plaintiff was stupid and useless.

26. This mistreatment and harassment continued and became unbearable for Plaintiff.

27. Plaintiff notified upper management that he was being intentionally mistreated due to his disability.

28. Plaintiff's manager's harassment and discriminatory treatment caused Plaintiff to begin suffering from extreme anxiety, panic and stress which was affecting his physical health.

29. Plaintiff notified his manager and upper management of these health issues prior to his termination.

30. On January 9, 2021, Plaintiff's employment with Walmart was terminated.

## FIRST CAUSE OF ACTION
### *DISABILITY DISCRIMINATION*
### *AMERICANS WITH DISABILITIES ACT, (ADA)*

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 30 of this complaint with the same force and effect as if set forth herein.

32. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

33. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than 15 employees.

34. As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

35. Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

36. Plaintiff suffers from a neurodevelopmental disorder which is associated primarily with the functioning of the neurological system and brain, which include attention-deficit/hyperactivity disorder (ADHD), autism, learning

disabilities, and intellectual disability (also known as mental retardation).

37. Plaintiff's neurodevelopmental learning and mental processing disability is an impairment and disability within the meaning of the ADA as it substantially limits Plaintiff's ability to perform major life activities as compared to most people in the general population.

38. Plaintiff's neurodevelopmental learning and mental processing disability substantially limited his ability to perform the major life function of mental processing, concentration and other cognitive functions.

39. Upon learning of Plaintiff's disability and requested accommodations, Defendant failed engage in a good faith interactive process with Plaintiff to determine the reasonableness of his requested accommodation.

40. Upon learning of Plaintiff's disabilities and requested accommodations, Defendant was under an obligation to engage in a good faith interactive process with Plaintiff.

41. Defendant did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's disability nor did Defendant "explore potential accommodations" to overcome those limitations.

42. Defendant's termination and disqualification of Plaintiff's employment on January 10, 2021, on the basis of his disability and Defendant's failure to make a good faith individual assessment to determine whether Plaintiff could be

employed or whether a reasonable accommodations would enable him to be employed by Defendant, violated the ADA.

43. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

44. The adverse personnel action, the termination of Plaintiff's employment, clearly violated his statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

45. As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

## SECOND CAUSE OF ACTION
*DISABILITY RETALIATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 30 of this complaint with the same force and effect as if set forth herein.

47. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

48. Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's failure to discuss his accommodation requests and for requesting an accommodation.

49. Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

50. When Plaintiff provided Defendant with sufficient information regarding his neurodevelopmental learning and mental processing disability and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

51. Defendant did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's disability nor did Defendant "explore potential accommodations" to overcome those limitations.

52. Plaintiff questioned and objected to Defendant's failure to discuss his accommodation requests and further complained to Defendant that all the trench digging was causing his hands, arms, legs and joint to swell and that it was becoming harder to move around, but Defendant maintained Plaintiff's trenches digging duties.

53. Defendant's January 10, 2021, termination and disqualification of Plaintiff's employment was in retaliation for him seeking a good faith accommodation, his objecting to Defendant's discriminatory practices regarding his disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

54. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in the statutory protective activity of requesting a reasonable accommodation.

## THIRD CAUSE OF ACTION
(FMLA INTERFERENCE)

55. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 3 through 5 and 8 through 30 of this complaint with the same force and effect as if set forth herein.

56. Defendant had more than sufficient knowledge that Plaintiff's absences were because of his severe anxiety, depression, panic attacks, excessive stress which were exacerbated by his neurodevelopmental learning and mental processing disability, which is a serious health condition and an FMLA-qualifying medical condition.

57. Defendant knew of Plaintiff's qualifying medical condition and refused

to discuss any type of FMLA leave.

58. When Defendant acquired sufficient knowledge that Plaintiff's leave may be for an FMLA-qualifying reason, Defendant should have notified Plaintiff of him eligibility to take FMLA leave within five business days.

59. The FMLA required Defendant to give Plaintiff written notice detailing his specific expectations and obligations related to the FMLA and explaining any consequences of his failure to meet these obligations.

60. Defendant never provided Plaintiff with any type of written notice regarding his FMLA rights, thus interfering with and denying his substantive rights under the FMLA.

61. On January 10, 2021, Defendant terminated Plaintiff for job abandonment for failure to return to work because of absences related to his FMLA qualifying medical condition.

62. Defendant acted with malice and with reckless disregard and interfered with Plaintiff's federally protected rights.

63. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

64. Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a)    Declaring the acts and practices complained of herein are violation of the FMLA and ADA;

    b)    Enjoining and permanently restraining those violations of the FMLA and ADA;

    c)    Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

    d)    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA and/or FMLA;

    e)    Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and

other compensation, plus interest thereon at the statutory rate, pursuant to the FMLA and ADA;

  f) Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA;

  g) Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA and FMLA;

  h) Awarding liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii);

  i) Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA, FMLA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

  j) Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: December 15, 2021.  By: */s/ Clayton M. Connors*
            CLAYTON M. CONNORS
            Florida Bar No.: 0095553
            Email: cmc@westconlaw.com
            **THE LAW OFFICES OF**
            **CLAYTON M. CONNORS, PLLC.**
            4400 Bayou Blvd., Suite 32A
            Pensacola, Florida 32503

Tel:  (850) 473-0401
Fax: (850) 473-1388
Attorney for Plaintiff